**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000512
27-OCT-2017
10:44 AM**

NO. CAAP-17-0000512

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

SCARLETT A. TAYLOR, Plaintiff-Appellant,
v.
THE KAHALA HOTEL INVESTORS, LLC;
OWNERS, dba THE KAHALA HOTEL AND RESORT; TRINITY KAHALA, LLC;
SMH KAHALA, LLC; GENERAL MANAGER, KAHALA HOTEL AND RESORT;
and SECURITY DIRECTOR, KAHALA HOTEL AND RESORT,
Defendants-Appellees,
and
JOHN DOES 1-10; JANE DOES 1-10; and DOE ENTITIES 1-10,
Defendants.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 13-1-0845)

ORDER GRANTING IN PART AND DENYING IN PART
THE SEPTEMBER 25, 2017 MOTION TO DISMISS APPELLATE COURT
CASE NUMBER CAAP-17-0000512 FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, Chief Judge, Fujise and Chan, JJ.)

Upon review of (1) Defendants-Appellees The Kahala
Hotel Investors, LLC, Owners dba. The Kahala Hotel and Resort,
Trinity Kahala, LLC, SMH Kahala, LLC, General Manager, Kahala
Hotel and Resort, and Security Director Kahala Hotel and Resort's
(the Kahala Defendants) September 25, 2017 motion to dismiss
appellate court case number CAAP-17-0000512 for lack of appellate
jurisdiction, (2) Plaintiff-Appellant Scarlett A. Taylor's
(Appellant Taylor) October 9, 2017 memorandum in opposition to
the Kahala Defendants' September 25, 2017 motion, and (3) the

record, it appears that under Hawaii Revised Statutes (HRS) § 641-1(a) (2016) we have appellate jurisdiction over appellate court case number CAAP-17-0000512 to the limited extent that Appellant Taylor seeks appellate review of the Honorable Virginia Crandall's two July 12, 2017 post-judgment orders (1) granting the Kahala Defendants' March 14, 2017 post-judgment motion to designate Appellant Taylor as a vexatious litigant pursuant to HRS Chapter 634J and (2) denying Appellant Taylor's April 5, 2017 post-judgment motion to designate attorney Michael H. Tsuchida as a vexatious litigant pursuant to HRS Chapter 634J and for sanctions.

Prior to Appellant Taylor filing her June 23, 2017 notice of appeal, the circuit court resolved all claims in this case by way of a December 12, 2016 judgment that was appealable under HRS § 641-1(a) and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). Prior to Appellant Taylor filing her June 23, 2017 notice of appeal, the circuit court also entered multiple post-judgment orders that were independently appealable under HRS § 641-1(a) and the holding in Ditto v. McCurdy, 103 Hawai'i 153, 157, 80 P.3d 974, 978 (2003), the last of which was a single May 16, 2017 post-judgment order that the circuit court had utilized to finally determine, and, thus, end, the post-judgment proceedings for nine post-judgment motions that Appellant Taylor had filed. Nevertheless, Appellant Taylor did not file her June 23, 2017 notice of appeal within thirty days after entry of the May 16, 2017 post-judgment order, all prior post-judgment orders, and the December 12, 2016 judgment, as Rules 4(a)(1) and 4(a)(3) of the Hawai'i Rules of Appellate Procedure (HRAP) required for a timely appeal from any of those documents. The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986); HRAP Rule 26(b) ("[N]o court or judge or justice is

2

authorized to change the jurisdictional requirements contained in Rule 4 of [the HRAP].");  HRAP Rule 26(e) ("The reviewing court for good cause shown may relieve a party from a default occasioned by any failure to comply with these rules, except the failure to give timely notice of appeal.").  Consequently, we lack appellate jurisdiction to review the May 16, 2017 post-judgment order, the prior post-judgment orders, and the December 12, 2016 judgment.

Nevertheless, the record indicates that on May 16, 2017, the circuit court announced at a hearing that the circuit court intended to enter post-judgment orders that would (1) grant the Kahala Defendants' March 14, 2017 post-judgment motion to designate Appellant Taylor as a vexatious litigant pursuant to HRS Chapter 634J and (2) deny Appellant Taylor's April 5, 2017 post-judgment motion to designate attorney Michael H. Tsuchida as a vexatious litigant pursuant to HRS Chapter 634J and for sanctions.  HRAP Rule 4(a)(2) provides that, "[i]f a notice of appeal is filed after announcement of a decision but before entry of the judgment or order, such notice shall be considered as filed immediately after the time the judgment or order becomes final for the purpose of appeal."  Appellant Taylor filed her June 23, 2017 notice of appeal in appellate court case number CAAP-17-0000512

- after the circuit court's May 16, 2017 announcement that the circuit court intended to enter post-judgment orders (1) granting the Kahala Defendants' March 14, 2017 post-judgment motion to designate Appellant Taylor as a vexatious litigant pursuant to HRS Chapter 634J and (2) denying Appellant Taylor's April 5, 2017 post-judgment motion to designate the Kahala Defendants' attorney, Michael H. Tsuchida, as a vexatious litigant pursuant to HRS Chapter 634J and for sanctions,

- but before entry of the two July 12, 2017 post-judgment orders (1) granting the Kahala Defendants' March 14, 2017 post-judgment motion to designate Appellant Taylor as a vexatious litigant pursuant to HRS Chapter 634J and (2) denying

3

> Appellant Taylor's April 5, 2017 post-judgment
> motion to designate the Kahala Defendants'
> attorney, Michael H. Tsuchida, as a vexatious
> litigant pursuant to HRS Chapter 634J and for
> sanctions,

as HRAP Rule 4(a)(2) authorized for a premature appeal such as this. Therefore, Appellant Taylor's June 23, 2017 notice of appeal is timely under HRAP Rule 4(a)(2) as to the two July 12, 2017 post-judgment orders, and we have appellate jurisdiction in appellate court case number CAAP-17-0000512 for the limited purpose of reviewing the two July 12, 2017 post-judgment orders (1) granting the Kahala Defendants' March 14, 2017 post-judgment motion to designate Appellant Taylor as a vexatious litigant pursuant to HRS Chapter 634J and (2) denying Appellant Taylor's April 5, 2017 post-judgment motion to designate the Kahala Defendants' attorney, Michael H. Tsuchida, as a vexatious litigant pursuant to HRS Chapter 634J and for sanctions.

Accordingly, IT IS HEREBY ORDERED that the Kahala Defendants' September 25, 2017 motion to dismiss appellate court case number CAAP-17-0000512 for lack of appellate jurisdiction is granted in part and denied in part. We lack appellate jurisdiction to review the May 16, 2017 post-judgment order, the prior post-judgment orders, and the December 12, 2016 judgment. Our appellate jurisdiction is limited to reviewing the two July 12, 2017 post-judgment orders regarding the Circuit Court's vexatious litigant rulings.

DATED: Honolulu, Hawai'i, October 27, 2017.

Chief Judge

Associate Judge

Associate Judge

4